209 F.3d 1164 (9th Cir. 2000)
 JENNY MANYBEADS,YELLOWWOMAN YAZZIE, ASHKIE BITSI, IRENE YAZZIE, BLANCHE WILSON, WALDINE YAZZIE, DAN R. YAZZIE, BESSIE BEGAY, MAE WILSON TSO, ASKIE TSO, EARL TSO, SAM W. TSO, BETTY A. TSO, FIONA TSO, JOE BENALLY, VIOLET ASHKIE, LOUISE BENALLY,Plaintiffs-Appellants,
v.
OPINION UNITED STATES OF AMERICA, DONALD P. HODEL, in his official capacity as Secretary of the Department of Interior,UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES BUREAU OF INDIAN AFFAIRS, ETAL., DefendantsAppellees.
 No. 90-15003
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted April 10, 1991
Submission Withdrawn May 10, 1991
Argued and Submitted February 22, 2000
Decided April 18, 2000
 
 COUNSEL: Lee Phillips, Flagstaff, Arizona, for the plaintiffs-appellants.
 Katherine Hazard, United States Department of Justice, Washington, D.C., for the defendants-appellees.
 Tim Atkeson, Arnold & Porter, Denver, Colorado, for the amicus Hopi Tribe.
 Appeal from the United States District Court for the District of Arizona; Earl H. Carroll, District Judge, Presiding. D.C. No. CV-88-0410-PCT-EHC.
 Before: Harry Pregerson, John T. Noonan and David R. Thompson, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 Jenny Manybeads et al., (Manybeads) appeal the dismissal by the district court of their suit against the United States. We affirm the dismissal for want of a necessary and indispensable party, the Hopi Tribe.
 
 PROCEEDINGS
 
 2
 The past history of this litigation has recently been set out in Clinton v. Babbitt, 180 F.3d 1081 (9th Cir. 1999). We need not repeat what we said there. Suffice to say that Manybeads challenged the constitutionality of 25 U.S.C. S 640d et seq. (1994), contending that it violated the Free Exercise rights of the plaintiffs. The district court dismissed the complaint for failure to state a claim. On appeal, we arranged for mediation. A Settlement Agreement was reached between the Hopi Tribe and the United States and an Accommodation Agreement agreed to by the Hopi Tribe, the Navajo Nation, and representatives of individual Navajos. By this agreement, provision was made for plaintiffs here andother Navajo families residing on Hopi land to obtain at no cost 75 year leases on homesites and farmlands within land awarded by court decree to the Hopi.
 
 
 3
 The Manybeads plaintiffs remaining in this case are dissatisfied with the Accommodation Agreement and press their contention that they are being denied religious freedom.
 
 
 4
 In the district court and now before us the Hopi Tribe argued that it is a necessary and indispensable party and that, as it has not waived its sovereign immunity and is not a party, the suit should be dismissed.
 
 ANALYSIS
 
 5
 Fed. R. Civ. Proc. 19(a)(1) provides that a party is necessary if, in its absence, complete relief cannot be accorded those already parties. The Hopi Tribe is a necessary party here. Manybeads cannot be afforded complete relief without undoing the Accommodation Agreement, which limits the rights of Navajos on Hopi land, and without undoing the Settlement Agreement by which the Hopi Tribe is entitled to compensation for what is conceded to the Navajos.
 
 
 6
 The Hopi Tribe is also a necessary party in terms of Fed. R. Civ. Proc. 19 (a)(2): it "claims an interest relating to the subject of the action and is so situated that the disposition of the action may (1) as a practical matter impair or impede" its ability to protect that interest. As we have held in Clinton, 180 F.3d at 1089, the Hopi Tribe qualifies as a necessary party under both parts of Rule 19(a).
 
 
 7
 The Hopi Tribe is also indispensable as Rule 19(b) defines indispensability. A judgment in Manybeads' favor would upset two agreements, long and carefully worked out, by which a balance was struck between the interests of the Navajo Nation and the Hopi Tribe, peaceful relations between the two Indian sovereigns was secured, and substantial monetary compensation was obtained and is to be obtained by the Hopi Tribe. Manybeads argues that she is not attacking the two Agreements, only the 1974 statute that led to them. The practical effect, however, of what she seeks in having the 1974 statute invalidated would be the undoing of the Agreements to the substantial prejudice of the Hopi Tribe. No remedy or relief would lessen the prejudice. No judgment in the Hopi Tribe's absence will be adequate. Clinton , 180 F.3d at 1090.
 
 
 8
 One factor favors Manybeads. If the action is dismissed for nonjoinder, her Free Exercise claim will go unredressed. This factor is not a light one. Congress, the First Amendment proclaims, "shall make no law . . . prohibiting the free exercise [of religion]." This freedom -the first freedom enshrined in the Bill of Rights -is fundamental in our structure of government. It is a freedom that has sometimes been successfully asserted against invasion by school boards, municipalities, and states. It has never been upheld by the Supreme Court when asserted against Congress. In principle there is no reason why it should not prevail against congressional intrusion. But this principle cannot be asserted when a sovereign, not a party to the case, will suffer substantially from its vindication.
 
 
 9
 The United States contends that it can adequately represent the Hopi Tribe, and that there is no need to join the missing sovereign. The contention is weak because it is the reverse of what the government contended in the district court. The contention is contradicted because the government is a trustee not only for the Hopi Tribe and the Navajo Nation but for the very plaintiffs in this case. By the explicit terms of 25 U.S.C. S 620d-9(c) and (d), the government must protect the property and personal rights of the individual Navajos subject to relocation. The government, if it undertook to act for the Hopi Tribe, would stand on both sides of the question. The government cannot represent the tribe. In so concluding, we do not suggest that it is the United States' trust responsibility to the Navajo Nation that creates a conflict of interest preventing the UnitedStates from adequately representing the Hopi Tribe. There is no such conflict of interest because the Navajo Nation is not a party to this suit. This suit implicates only the interests of individual plaintiffs who are members of the Navajo Nation, and not the interests of the Navajo Nation itself.
 
 
 10
 A necessary and indispensable party is missing. The judgment of dismissal is AFFIRMED