MURGUIA, Circuit Judge,
dissenting:
I agree with the majority that Plaintiffs’ complaint contains sufficient factual allegations, which we must accept as true, to establish that a favorable judicial decision is likely to redress their alleged injuries. Plaintiffs therefore have Article III standing to bring this lawsuit. I also agree that the Native American Graves Protection and Repatriation Act (NAGPRA) does not abrogate the sovereign immunity of the Indian tribes, and that the district court properly exercised its discretion when it denied Plaintiffs’ request to conduct additional discovery on the question whether the Kumeyaay Cultural Repatriation Committee (KCRC) could properly be considered an “arm” of the Kumeyaay tribes. And, I agree that the district court properly concluded that the KCRC did not waive its immunity when it sued the University in the Southern District of California or when it incorporated under California state law.
The majority and I part ways, however, on the question whether the KCRC is a necessary and indispensable party under Federal Rule of Civil Procedure 19. Our precedents require us to resolve that question in light of the nature and scope of the parties’ dispute—which, as I see it, is whether the University properly determined that the La Jolla remains are “Native American” within the meaning of NAGPRA and therefore whether, as a threshold matter, NAGPRA applies here at all. Because I read those precedents to compel the conclusion that the KCRC is neither necessary nor indispensable to the resolution of that particular question, I respectfully dissent.
Plaintiffs petitioned for a writ of administrative mandamus under California state law directing the University “to make a formal determination whether or not the La Jolla Skeletons are ‘Native American’ within the meaning of NAGPRA.” In the alternative, Plaintiffs sought declaratory and injunctive relief, likewise requesting that the court “declar[e] ... that the La Jolla Skeletons are not ‘Native American.’” The parties’ dispute is therefore limited to the correctness of the University’s administrative determination—it is not, as it was framed in the district court, a “property dispute, in which the parties assert conflicting ownership interests” in the La Jolla remains. In other words, this case is not about whether NAGPRA compels repatriation; instead, it is about whether NAGPRA, which concerns only Native American remains, applies in the first place.
Rule 19(a)(l)(B)(i) makes an absent party “necessary” if the party “claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party’s] absence may ... as a practical matter impair or impede the [party’s] ability to protect the interest.” Fed.R.Civ.P. 19(a)(l)(B)(i). Although the party’s claimed interest must be more than speculative, Dawavendewa v. Salt River Project Agric. Improvement & Power *1030 Dist., 276 F.3d 1150, 1155 n. 5 (9th Cir.2002), it need merely be a “claim”—that is, “[j]ust adjudication of claims requires that courts protect a party’s right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party.” Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir.1992).
In this case, Defendants characterize the tribes as “paradigms of ‘necessary parties’ ” because the KCRC and the tribes have a nonfrivolous claim to—and therefore a “legally protected interest” in—the La Jolla remains. Defendants contend that the tribes’ interest would be impaired or impeded if the lawsuit were to proceed in their absence because the tribes’ “claim to the ownership and control of the Remains lies at the very core of’ the parties’ dispute. What is more, they allege, the University cannot adequately represent the tribes’ interest in this action because of the University’s “broad obligation to serve the interests of the people of California, rather than any particular subset, such as the people of the Kumeyaay tribes.”
As I see it, Defendants’ argument fails first on its premise. Contrary to the way in which the tribes frame it, this is not a property dispute over the La Jolla remains—indeed, the University has already found that the remains are culturally unidentifiable because there is “[sjimply ... not a preponderance of evidence to support an affirmation of cultural identification or affiliation with any modem group.” Neither party suggests any problem with respect to the University’s procedural or substantive determination surrounding eul-tural affiliation, nor does either party take issue with the Department of the Interior’s 2010 regulations requiring culturally unidentifiable human remains to be transferred to the tribe or tribes “recognized as aboriginal to the area from which the human remains were removed.” See 43 C.F.R. § 10.11. Thus, this action will not resolve whether, under NAGPRA, the Ku-meyaay tribes are entitled to “ownership or control” of the La Jolla remains—assuming NAGPRA applies, that question has already been resolved.[1]
Plaintiffs instead take issue with the procedures underyling the University’s determination that the remains are “Native American” as that term is defined under NAGPRA. As the tribes readily concede, “NAGPRA is only concerned with Native American remains.” So, to the extent that Plaintiffs’ claims are limited to that single administrative determination, any “interest” the tribes have in this litigation is identical to the interest of any other party; all parties “have an equal interest in an administrative process that is lawful.” Makah Indian Tribe, 910 F.2d at 559.[2] The KCRC’s interest is no different from the generalized, nonspecific interest of any other “presently existing tribe, people, or culture.” Bonnichsen v. United States, 367 F.3d 864, 875 (9th Cir.2004).
To be sure, as the majority correctly notes, for the purposes of Rule 19, the tribes need only assert a “claim” to an interest, not an actual or vested one. See Fed.R.Civ.P. 19(a) (defining a “required” party as one who “claims an interest relating to the subject of the action” (emphasis *1031 added)). Here, the tribes would be entitled to compel repatriation of the La Jolla remains if they are in fact “Native American.” Thus, the tribes have, at the very least, a nonfrivolous “claim” to an interest in the subject matter of this dispute.
But the nature of Plaintiffs’ claim is not such that, “as a practical matter,” proceeding with this litigation in the tribes’ absence would “impair or impede the [tribes’] ability to protect” that interest. Fed. R.Civ.P. 19(a)(l)(B)(i). We have previously held that the level of impairment resulting from a party’s absence “may be minimized if the absent party is adequately represented in the suit.” Makah Indian Tribe, 910 F.2d at 558. Because the KCRC’s interest in the process leading to the University’s administrative determination that the La Jolla remains are “Native American” is no different from any other party’s, see id, at 559, the University, as an existing party, is in a position to adequately protect the interest of the KCRC and the tribes.
In determining whether an existing party can adequately represent the interests of an absent party, we are to consider three factors: (I) whether the interests of the existing party “are such that it will undoubtedly make all of the absent party’s arguments,” (2) whether the existing party “is capable of and willing to make such arguments,” and (3) “whether the absent party would offer any necessary element to the proceedings that the present party would neglect.” Shermoen, 982 F.2d at 1318 (stating the factors that courts consider under Rule 24(a) in the context of determining adequacy under Rule 19(a)),
The University’s interest in this litigation is almost identical to that of the tribes: the interest in properly and lawfully determining the “Native American” status of the La Jolla remains. Because that is so, it is difficult to imagine any argument the KCRC might make that the University has not already made and will not ultimately make if the action proceeds. Either the University’s determination that the remains are “Native American” was arbitrary and capricious or it was not—in any event, the evidence on which that determination was based was evidence that the KCRC itself provided. In that sense, practically every argument the KCRC could make is an argument that the University will likewise offer to defend its determination. The first factor of the Shermoen adequacy test therefore suggests that the tribes will adequately be represented by the University.
The second and third Shermoen factors likewise favor a finding that the tribes will adequately be represented. With respect to the second, there is no suggestion in the record that the University is incapable of making or unwilling to make the arguments that the KCRC would likely make. And as to the third, no party identifies a “necessary element” of this lawsuit that the tribes could offer but that the University would neglect. Applying Shermoen, I would accordingly conclude that the KCRC is not “so situated that disposing of the action in [its] absence may ... as a practical matter impair or impede [its] ability to protect” its claimed interest in this litigation. Fed.R.Civ.P, 19(a)(l)(B)(i).
Nor is the KCRC an indispensable party. If an absent party is necessary and cannot be joined,[3] then the court must *1032 determine whether “in equity and good conscience, the action should proceed among the existing parties or should be dismissed.” Fed.R.Civ.P. 19(b), That determination requires a four-part inquiry, which is set forth under the Rule:
When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person’s absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person’s absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
Fed.R.Civ.P. 19(b).[4]
The first factor, prejudice, is essentially the same as the “necessary” inquiry under Rule 19(a). Confederated Tribes, 928 F.2d at 1499. As I explained above, because the tribes’ interests in this litigation are no different than the interests of any other party, and because those interests can adequately be represented by the University, I would conclude that the first factor favors proceeding with the litigation in the tribes’ absence.
The remaining factors similarly favor proceeding with the litigation. On the second, the extent to which prejudice could be lessened or avoided, I see no partial or compromise remedy that would lessen potential prejudice, but because of my conclusion on the first factor, I would conclude that the second factor likewise favors proceeding. See Fed.R.Civ.P. 19(b)(2). On the third, whether a judgment in the KCRC’s absence would be adequate, again, the inquiry in this case is limited to the correctness of the University’s determination that the La Jolla remains are “Native American”—a determination in which the KCRC has no specific, legally protected interest. Thus, nothing suggests that a judgment rendered in KCRC’s absence would be inadequate. See Fed.R.Civ.P. 19(b)(3); Philippines v. Pimentel, 553 U.S. 851, 870, 128 S.Ct. 2180, 171 L.Ed.2d 131 (2008) (“[Ajdequacy refers to the ‘public stake in settling disputes, whenever possible.’”). And finally, on the fourth factor, it seems clear, in light of the sovereign immunity of the Indian tribes, that Plaintiffs have no adequate remedy if this lawsuit is dismissed. See Fed.R.Civ.P. 19(b)(4). Because, on balance, the factors we generally consider under Rule 19(b) disfavor dismissal, I would conclude that the KCRC is not an indispensable party in *1033 whose absence this lawsuit could not proceed.
Although the majority suggests otherwise, my conclusion in this respect is not inconsistent with a “wall of circuit authority.” In each of the cases the majority and the district court cite to support that assertion, the absent tribe was a party or signatory to a contract sought to be enforced. See Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015 (9th Cir.2002) (lawsuit seeking termination of gaming compacts to which the tribe was a party and that would otherwise automatically renew); Dawavendewa, 276 F.3d 1150 (9th Cir.2002) (lawsuit challenging a provision of a lease agreement to which the tribe was a signatory); Manybeads v. United States, 209 F.3d 1164 (9th Cir.2002) (lawsuit challenging settlement agreement to which the tribe was a party); Clinton v. Babbitt, 180 F.3d 1081 (9th Cir.1999) (same); Kescoli v. Babbitt, 101 F.3d 1304 (9th Cir.1996) (same); McClendon v. United States, 885 F.2d 627 (9th Cir.1989) (lawsuit seeking to enforce a lease agreement to which the tribe was a party). As we have observed, “[N]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.” Dawavendewa, 276 F.3d at 1156. This is not such a case, however; I therefore disagree that the reasoning or outcomes of those cases compel the same conclusion here.
Plaintiffs’ complaint takes issue with a specific, threshold question: whether the University properly determined that the La Jolla remains are “Native American” within the meaning of NAGPRA and therefore whether, as a threshold matter, NAGPRA applies at all. I would conclude that the KCRC is neither necessary nor indispensable to the resolution of that question and that this lawsuit may therefore proceed in its absence. I would not reach the question whether the public rights exception to Rule 19 applies in this case, and I would instead reverse the district court’s judgment and remand this case for further proceedings.

. The majority similarly misstates the relief that Plaintiffs seek. According to the majority, a judgment in Plaintiffs’ favor would "declare that [the tribes] had no right to the La Jolla remains and prevent transfer of the La Jolla remains to the La Posta Band.” That is not so. A judgment in Plaintiffs' favor would merely declare that NAGPRA does not compel repatriation.

. Generally, there is no legally protected interest in an agency's procedures. See Makah Indian Tribe, 910 F.2d at 558.

. I agree with the majority that, because NAGPRA does not abrogate the sovereign immunity of the Indian tribes, the KCRC and the tribes are immune from suit and therefore "cannot be joined" for the purposes of Rule 19(b). See Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1499 (9th Cir.1991). Thus, because the district court concluded that the KCRC was a necessary party under Rule 19(a), it properly *1032 reached the “indispensability” inquiry under Rule 19(b).

. The majority suggests that there may be “little need for balancing Rule 19(b) factors” in cases in which the absent party is entitled to immunity from suit. Indeed, a few of our sister circuits have concluded as much. See, e.g., Kickapoo Tribe of Indians v. Babbitt, 43 F.3d 1491, 1496 (D.C.Cir.1995); Fluent v. Sa-lamanca Indian Lease Auth., 928 F,2d 542, 548 (2d Cir.1991); Enterprise Mgmt. Consultants, Inc. v. United States, 883 F.2d 890 (10th Cir.1989). “Cognizant of these out-of-circuit decisions, the Ninth Circuit has, nonetheless, consistently applied the four part balancing test [under Rule 19(b) ] to determine whether Indian tribes are indispensable parties,” Dawavendewa, 276 F.3d at 1162.